**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

IN RE: **DeAngelis Borrego Duran**　　　　　　　　　　　　　　　　Case No.

　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　Chapter 13 Proceeding

☐ *AMENDED*　　☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

> *Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*
>
> *Use of the singular word "Debtor" in this Plan includes the plural where appropriate.*

**Plan Summary**

**A.** The Debtor's Plan Payment will be _____**$340.00 Monthly**_____, paid by ☑ Pay Order or ☐ Direct Pay for _____**60 months**_____. The gross amount to be paid into the plan is _____**$20,400.00**_____.

**B.** The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately __**6%**__ of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

**C.** The value of the Debtor's non-exempt assets is _____**$0.00**_____.

**D.** If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

**Plan Provisions**

**I. Vesting of Estate Property**

☐ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

☑ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

☐ Other (describe):

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

IN RE: **DeAngelis Borrego Duran**  Case No.

Debtor(s)  Chapter 13 Proceeding

☐ *AMENDED*  ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**
*Continuation Sheet # 1*

### II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors. The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition. Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the the petition is filed. Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|

### III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| (None) | | | |

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| (None) | | | |

### IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan. Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated. The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2). Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor / Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **DeAngelis Borrego Duran**　　　　　　　　　　　　　　　Case No.

　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13 Proceeding

☐ *AMENDED*　　☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 2*

---

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____ ."

_____　　　　_____
Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　　　Joint Debtor

### V. Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI(2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property that the lien impairs and the basis of the lien--e.g., judicial lien, nonpurchase-money security interest, etc.)

| Creditor / Property subject to lien | Amount of Lien to be Avoided | Remarks |
|---|---|---|
| | | |

### VI. Specific Treatment for Payment of Allowed Claims

**1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS, INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS**

**A.** Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, MUST be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor / Collateral, if any (including the name of each DSO creditor) | Remarks | Debt Amount | Payment Amount/Interval |
|---|---|---|---|
| Citimortgage Inc<br>Homestead - 14576 Desierto Bello Ave | Direct pay by x-husband | $82,174.00 | $803.00 |
| El Paso Tax Assessor-Collector<br>Homestead - 14576 Desierto Bello | Thru 2011 | $1,994.65 | |

**B.** Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to Be Surrendered |
|---|---|
| | |

Form 11/7/05　　　*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **DeAngelis Borrego Duran**　　　　　　　　　　　　Case No.

Debtor(s)　　　　　　　　　　　　Chapter 13 Proceeding

☐ *AMENDED*　　☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 3*

### 2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS

**A.** Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees. The Trustee shall receive up to 10% of all sums disbursed, except on any funds returned to the Debtor. No fees or expenses of counsel for the debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| US Bankruptcy Court | $259.00 | Along With | |
| Watson & Maynez, P.C. | $3,200.00 | Along With | |

**B.** Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| | | | |

**C.** Arrearage Claims

| Creditor / Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| | | | | | | |

**D.** Cure Claims on Assumed Contracts, Leases, and Contracts for Deed

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| | | | |

**E.** Secured Creditors

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the debtor's case is dismissed or converted without completing of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| Gvt Emp Cu 2003 Honda Pilot | $3,743.00 | $6,000.00 | Pro-Rata | 5.25% | $4,044.29 | |
| Gvt Emp Cu 2003 Honda Pilot | $1,966.00 | $2,257.00 | Pro-Rata | 5.25% | $2,124.27 | X-Coll with 2003 Pilot |
| Hsbc/rmstr Household goods | $892.00 | $892.00 | Pro-Rata | 5.25% | $963.82 | |

Form 11/7/05　　　*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

IN RE:  **DeAngelis Borrego Duran**  Case No.

Debtor(s)  Chapter 13 Proceeding

☐ *AMENDED*    ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 4*

**F.**  General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed).
*Describe treatment for the class of general unsecured creditors.*

General Unsecured Creditors will receive approximately ____**6%**_____ of their allowed claims.

| Creditor | Estimated Debt | Remarks |
|---|---|---|
| Acs/dept Of Ed | $0.00 | |
| Bank Of America | $4,336.00 | |
| Capital One, N.a. | $496.00 | |
| Central Financial Control | $0.00 | |
| Chase | $2,794.00 | |
| Citi | $1,651.00 | |
| Citi/stdnt Ln Rsrc Cnt | $1.00 | |
| Citi/stdnt Ln Rsrc Cnt | $1.00 | |
| Citi/stdnt Ln Rsrc Cnt | $1.00 | |
| Citi/stdnt Ln Rsrc Cnt | $1.00 | |
| Citi/stdnt Ln Rsrc Cnt | $1.00 | |
| Citi/stdnt Ln Rsrc Cnt | $1.00 | |
| Citibank Sd, Na | $1,214.00 | |
| Dept Of Education/neln | $0.00 | |
| Dfas-cl Indianapolis | $32,503.00 | |
| DSRM National Bank/Diamond Shamrock | $0.00 | |
| Gemb/walmart | $0.00 | |
| Harley Davidson Financial | $0.00 | |
| Kay Jewelers | $0.00 | |
| Sun Orthodontix | $749.00 | |
| Us Dept Of Ed/glelsi | $12,500.00 | |
| Us Dept Of Ed/glelsi | $12,500.00 | |
| Us Dept Of Ed/glelsi | $10,500.00 | |
| Usded/glelsi | $12,500.00 | |
| Usded/glelsi | $10,500.00 | |
| Usdoe/glelsi | $12,500.00 | |
| Wells Fargo Card Ser | $6,875.00 | |
| Wfnnb/New York & Compa | $557.00 | |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **DeAngelis Borrego Duran**　　　　　　　　　　　　　　　　Case No.

　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　Chapter 13 Proceeding

☐ *AMENDED*　　☐ *MODIFIED*
### DEBTOR(S)' CHAPTER 13 PLAN
### AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 5*

---

**Totals:**

| | |
|---|---|
| Administrative Claims | **$3,459.00** |
| Priority Claims | **$0.00** |
| Arrearage Claims | **$0.00** |
| Cure Claims | **$0.00** |
| Secured Claims | **$6,601.00** |
| Unsecured Claims | **$122,181.00** |

## VII. Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:

**Agreed Orders**

Agreed Orders shall control in any conflict between Plan provisions and the provisions in the Agreed Orders.

**Disposable Earnings**

Pursuant to 11 U.S.C. § 1322(a)(1) of the Bankruptcy Code, the Debtor(s) shall submit all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan. The Debtor(s) agree to report to the Trustee any changes in income that would necessitate modifying their plan by either increasing or decreasing their plan payment or increasing or decreasing payout to unsecured creditors

**Authorization to send monthly bills**

Confirmation of the Plan shall constitute authority for creditors, such as lien-holders on real property and lien-holders on vehicles, who receive monies as direct payments from Debtor(s) as a result of Debtor(s) election to pay such monies outside of the plan to send monthly statements as a convenience to the Debtor(s) and such statements shall not be considered a violation of the provisions of the automatic stay.

**Certain Pre-Confirmation Disbursements**

If a creditor is listed as secured and scheduled to receive pre-confirmation disbursements and post-confirmation payments along with the other secured creditors, but such creditor subsequently files an unsecured claim, then the creditor will not receive any pre-confirmation disbursements and upon confirmation will be paid along with the other unsecured creditors. The funds that were allocated to such creditor as a pre-confirmation disbursement will be distributed on a pro-rata basis to the other secured creditors. Similarly, the funds scheduled to be received by such creditor along with other secured creditors on a pro-rata basis.

Form 11/7/05　　　*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **DeAngelis Borrego Duran**   Case No.

Debtor(s)   Chapter 13 Proceeding

☐ *AMENDED*   ☐ *MODIFIED*
## DEBTOR(S)' CHAPTER 13 PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 6*

---

### Misfiled and Unfiled Creditors Paid Accordingly

If any secured proof of claim is timely filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as secured unless, it is objected to. Said claims shall be paid under the plan at 7.75% interest. Likewise, if any priority proof of claim is timely filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as priority unless it is objected to. Said priority claim shall not be paid with any interest.

### Notice of Fees, Expenses, and Charges

The holder of the mortgage claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (i) that were incurred in connection with the claim after the bankruptcy case was filed, and (ii) that the holder asserts are recoverable against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

Respectfully submitted this date:   **9/14/2011**_____.

/s/ Matt Watson
Matt Watson
1123 E. Rio Grande
El Paso, Texas 79902
Phone: (915) 562-4357 / Fax: (866) 201-0967
(Attorney for Debtor)

/s/ DeAngelis Borrego Duran
DeAngelis Borrego Duran
865 Fragrant Ash
El Paso, TX 79907
(Debtor)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **DeAngelis Borrego Duran**  CASE NO.
*Debtor*

CHAPTER 13

*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on September 14, 2011, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Matt Watson**
Matt Watson
Bar ID:24028878
Watson and Maynez, P.C.
1123 E. Rio Grande
El Paso, Texas 79902
(915) 562-4357

---

Acs/dept Of Ed
xxxxxx6051
C/o Acs
Utica, NY 13501

Chase
xxxxxxxxxxx1615
201 N. Walnut St//de1-1027
Wilmington, DE 19801

Citi/stdnt Ln Rsrc Cnt
xxxxxxx0524
99 Garnsey Rd
Pittsford, NY 14534

Bank Of America
xxxxxxxxxxxx3590
Po Box 17054
Wilmington, DE 19850

Citi
xxxxxxxxxxx2967
PO Box 6241
Sioux Falls, SD 57117

Citi/stdnt Ln Rsrc Cnt
xxxxxxx0522
99 Garnsey Rd
Pittsford, NY 14534

Capital One, N.a.
xxxxxxxxxxxx6918
Capital One Bank (USA) N.A.
PO Box 30285
Salt Lake City, UT 84130

Citi/stdnt Ln Rsrc Cnt
xxxxxxx0520
99 Garnsey Rd
Pittsford, NY 14534

Citi/stdnt Ln Rsrc Cnt
xxxxxxx0523
99 Garnsey Rd
Pittsford, NY 14534

Central Financial Control
xxxxx6885
Attn: Bankruptcy
PO Box 66044
Anaheim, CA 92806

Citi/stdnt Ln Rsrc Cnt
xxxxxxx0525
99 Garnsey Rd
Pittsford, NY 14534

Citi/stdnt Ln Rsrc Cnt
xxxxxxx0521
99 Garnsey Rd
Pittsford, NY 14534

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

IN RE: **DeAngelis Borrego Duran**          CASE NO.
*Debtor*

         CHAPTER    13
*Joint Debtor*

## CERTIFICATE OF SERVICE

(Continuation Sheet #1)

---

Citibank Sd, Na
xxxxxxxxxxxx8881
Attn: Centralized Bankruptcy
PO Box 20507
Kansas City, MO 64195

Gemb/walmart
xxxxxxxxxxxx2678
Po Box 981400
El Paso, TX 79998

Stuart C. Cox
Chapter 13 Trustee,
1760 North Lee Trevino Dr.
El Paso, TX 79936

Citimortgage Inc
xxxxxx9426
Po Box 9438
Gaithersburg, MD 20898

Gvt Emp Cu
xxxxxxxx2740
Po Box 20998
El Paso, TX 79998

Stuart C. Cox, Trustee
1760 North Lee Trevino
El Paso, TX 79936

DeAngelis Borrego Duran
8551 Euphrates
El Paso, TX 79907

Gvt Emp Cu
xxxxxxxxxxxx5552
7227 Viscount Blvd
El Paso, TX 79925

Sun Orthodontix
7500 N. Mesa Suite 304
El Paso, TX 79912

Dept Of Education/neln
xxxxxxxxxxxx1724
121 S 13th St
Lincoln, NE 68508

Harley Davidson Financial
xxxxxxxxxx9426
222 W Adams
Chicago, IL 60606

US Bankruptcy Court
8515 Lockheed Dr.
El Paso,TX 79925-1218

Dfas-cl Indianapolis
xxxxx8605
Attn: Customer Service Dept 3300
8899 E 56 St
Indianapolis, IN 46249

Hsbc/rmstr
xxxxxxxxxxxx0079
Po Box 15524
Wilmington, DE 19850

Us Dept Of Ed/glelsi
xxxxx8581
2401 International
Madison, WI 53704

DSRM National Bank/Diamond Shamrock
xxxxxxxxxxxx0000
PO Box 300
Amarillo, TX 79105

Kay Jewelers
xxxxxx9455
375 Ghent Rd
Fairlawn, OH 44333

Us Dept Of Ed/glelsi
xxxxx1577
2401 International
Madison, WI 53704

El Paso Tax Assessor-Collector
2 Civic Center Plaza, RM 123A
El Paso, Texas 79901

LINEBARGER GOGGAN BLAIR & SAMPSON L.L.P.
711 NAVARRO, STE. 300
SAN ANTONIO, TX 78205

Us Dept Of Ed/glelsi
xxxxx0577
2401 International
Madison, WI 53704

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

IN RE: **DeAngelis Borrego Duran**  CASE NO.
*Debtor*

  CHAPTER  **13**
*Joint Debtor*

**CERTIFICATE OF SERVICE**
(Continuation Sheet #2)

Usded/glelsi
xxxxxxxxxxx1577
2401 International
Madison, WI 53704


Usded/glelsi
xxxxxxxxxxx0577
2401 International
Madison, WI 53704


Usdoe/glelsi
xxxxxxxxxxx8581
2401 International
Madison, WI 53704


Wells Fargo Card Ser
xxxxxxxxxxxx1532
1 Home Campus
3rd Floor
Des Moines, IA 50328

Wfnnb/New York & Compa
xxxxx3819
P.O. Box 182686
Columbus, OH 43218